UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 18 C 7069 |
| | ) | |
| FAR EAST CONSTRUCTION COMPANY, HYUN B. KANG, and KYONG S. KANG, | ) ) ) ) | Judge Lee |
| Defendants. | | |

**SETTLEMENT AGREEMENT**

This Settlement Agreement ("Agreement") is entered into among the United States of America, acting through the United States Department of Justice and on behalf of the Small Business Administration ("SBA"), the General Services Administration ("GSA"), the United States Coast Guard ("Coast Guard"), and the United States Army ("Army") (collectively the "United States") and Kyong Suk Kang ("Kyong Kang"), through her authorized representatives.

**RECITALS**

A.  Kyong Suk Kang was the wife of Hyun B. Kang, the owner and operator of Far East Construction Company ("Far East"). At all applicable times, Far East was a construction company based in Illinois, which performed construction projects for GSA, Army, and Coast Guard in various states under the terms of various government contracts.

B.  On October 22, 2018, the United States filed an action in the United States District Court for the Northern District of Illinois, captioned *United States of*

*America v. Far East Construction Company, Hyun B. Kang, and Kyong S. Kang*, 18 C 7069, under the False Claims Act, 31 U.S.C. §§ 3729-33, and at common law (the "Civil Action"). The Civil Action alleges that Far East engaged in a fraudulent scheme to improperly obtain contracts that were awarded under the SBA's 8(a) Program for Small and Disadvantaged Business ("8(a) Program"), 15 U.S.C. § 637(a) and 13 C.F.R. § 124 and under the Historically Underutilized Business Zone Program ("HUBZone Program"), 15 U.S.C. § 657a. As a result, the Civil Action alleges that Far East violated the False Claims Act by knowingly submitting, or causing to be submitted, or conspiring to submit or cause to be submitted, false claims or false statements material to claims in order to obtain or promote the award of federal 8(a) and/or HUBZone Program contracts from the United States to Far East.

    C.    The United States contends that it has certain civil claims against Far East arising from Far East's improper participation in the 8(a) and HUBZone Programs on the following contracts (the "Contracts"):

1. U.S. Army, Mission Installation Contracting Command, Fort Jackson, Contract No. W911SE-08-D-0008 (awarded on June 30, 2008);

2. GSA, Public Buildings Service, GSA—South Carolina, Contract No. GS-04P-09-EXD-0047 (awarded on June 29, 2009);

3. U.S. Army Corps of Engineers, Whiteman AFB, Contract No. W912DQ-09-D-4015 (awarded on December 23, 2009);

4. U.S. Coast Guard, Civil Engineering Unit—Miami, Coast Guard—South, Contract No. HSCG-821-D-PMVA39 (awarded on February 9, 2011).

    D.    The United States contends that Far East and MCC Construction Company ("MCC") engaged in and executed a scheme from at least January 2008, through approximately August 2013, to defraud the United States by obtaining government

contracts through the 8(a) and HUBZone Programs with knowledge that Far East would not meet the performance requirements set for 8(a) and HUBZone participants. More specifically, the United States alleges that Far East used its status as an 8(a) and HUBZone participant to obtain contracts through those programs knowing it would not perform at least 15% of the cost of the contract with its own employees as required by the SBA regulations. 13 C.F.R. § 125.6(a)(3). Instead, the United States contends that MCC performed virtually all of the work and bore the financial risk as the prime contractor on the government contracts. Under this arrangement, MCC retained 97% of the value of the contract and Far East received a 3% share. The United States contends that in light of such conduct by Far East and MCC, Far East would not have been eligible under SBA's 8(a) or HUBZone regulations for the Contracts identified above, that the terms of the Contracts related to work-percentage requirements were violated, and that Far East violated the False Claims Act by knowingly submitting, or causing to be made or used, false records or statements to obtain payment for false or fraudulent claims. 31 U.S.C. § 3729(a)(1)(A) and (B). That conduct is referred to below as the "Covered Conduct."

E. The United States contends that Kyong Kang was a direct financial beneficiary of the scheme between MCC and Far East and was unjustly enriched as a result of the Covered Conduct identified above.

F. Kyong Kang contends that she was not an owner or officer of Far East and had no role in its operations. She further contends that she did not know of or participate in any illegal scheme involving Far East and MCC. Kyong Kang also contends that Far East is a defunct entity with no assets and that she had and has no control over the entity nor any capacity to act for Far East.

G. This Settlement Agreement is not an admission by Kyong Kang of any of the factual contensions of the United States or of any liability that she engaged in any wrongful conduct. This Settlement Agreement is not a concession by the United States that its claims are not well founded.

To avoid the delay, uncertainty, inconvenience, and expense of protracted litigation of the above claims, and in consideration of the mutual promises and obligations of this Settlement Agreement, the Parties agree and covenant as follows:

## **TERMS AND CONDITIONS**

1. Kyong Kang shall pay to the United States $100,000 ("Settlement Amount"), all of which constitutes restitution, by electronic funds transfer pursuant to written instructions to be provided by the United States Attorney's Office for the Northern District of Illinois no later than 10 business days after the Effective Date of this Agreement.

2. Subject to the exceptions in Paragraph 3 (concerning excluded claims) below, and conditioned upon Kyong Kang's full payment of the Settlement Amount, the United States releases Kyong Kang, Hyun B. Kang, Far East Construction Company, and Walter Kang from any civil or administrative monetary claim the United States has for the Covered Conduct under the False Claims Act, 31 U.S.C. §§ 3729-3733; the Program Fraud Civil Remedies Act, 31 U.S.C. §§ 3801-3812; or the common law theories of breach of contract, payment by mistake, unjust enrichment, and fraud.

3. Notwithstanding the release given in paragraph 2 of this Agreement, or any other term of this Agreement, the following claims of the United States are specifically reserved and are not released:

4

      a.    Any liability arising under Title 26, U.S. Code (Internal Revenue Code);

      b.    Except as explicitly stated in this Agreement, any administrative liability, including the suspension and debarment rights of any federal agency;

      c.    Any liability to the United States (or its agencies) for any conduct other than the Covered Conduct;

      d.    Any liability based upon obligations created by this Agreement;

4.    With respect to any case reserved in Section 3 above Kyong Kang waives and shall not assert any defense that, under the Double Jeopardy Clause of the Fifth Amendment of the Constitution, or under the Excessive Fines Clause of the Eighth Amendment of the Constitution, this Agreement bars a remedy sought in such action.

5.    Kyong Kang fully and finally releases the United States, its agencies, officers, agents, employees, and servants, from any claims (including attorney's fees, costs, and expenses of every kind and however denominated) that Kyong Kang has asserted, could have asserted, or may assert in the future against the United States, its agencies, officers, agents, employees, and servants, related to the Covered Conduct and the United States' investigation and prosecution thereof.

6.    This Agreement is intended to be for the benefit of the Parties, Hyun Kang, Walter Kang, and Far East only.

7.    Upon receipt of the payment described in Paragraph 1, above, the Parties shall promptly sign and file in the Civil Action a Joint Stipulation of Dismissal With Prejudice of the Civil Action pursuant to Rule 41(a)(1).

8. Each Party shall bear its own legal and other costs incurred in connection with this matter, including the preparation and performance of this Agreement.

9. Each party and signatory to this Agreement represents that it freely and voluntarily enters in to this Agreement without any degree of duress or compulsion.

10. This Agreement is governed by the laws of the United States. The exclusive jurisdiction and venue for any dispute relating to this Agreement is the United States District Court for the Northern District of Illinois. For purposes of construing this Agreement, this Agreement shall be deemed to have been drafted by all Parties to this Agreement and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

11. This Agreement constitutes the complete agreement between the Parties. This Agreement may not be amended except by written consent of the Parties.

12. The undersigned counsel represent and warrant that they are fully authorized to execute this Agreement on behalf of the persons and entities indicated below.

13. This Agreement may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same Agreement.

14. This Agreement is binding on Kyong Kang's successors, transferees, heirs, and assigns.

15. All parties consent to the United States' disclosure of this Agreement, and information about this Agreement, to the public.

16. This Agreement is effective on the date of signature of the last signatory to the Agreement (Effective Date of this Agreement). Facsimiles of signatures shall constitute acceptable, binding signatures for purposes of this Agreement.

17. This is a publicly available document, and Kyong Kang waives any claim that this document along with any information contained herein is subject to the Privacy Act of 1974, 5 U.S.C. § 552a.

Attorney for the United States:

JOHN R. LAUSCH, Jr.
United States Attorney

By: _____
JIMMY L. ARCE
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 353-8449
jimmy.arce@gmail.com

Executed this 4 day of June, 2019.

Attorney for Kyong Kang:

_____
CHRIS GAIR
Gair Eberhard Nelson Dedinas Ltd.
1 East Wacker Drive, Suite 2600
Chicago, Illinois 60601
(312) 600-4901
cgair@gairlawgroup.com

Executed this 29 day of May, 2019.